Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Alan Lachaumette

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Alan Lachaumette**,**<br><br>             Plaintiff,<br><br>     v.<br><br>JPMorgan Chase Bank, N.A.**,**<br><br>             Defendant. | CASE NO. 2:19-cv-3222<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Alan Lachaumette, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Alan Lachaumette (hereinafter "Plaintiff") is an individual residing in the state of California, and is a "debtor."

8. At all relevant times herein, Defendant Chase engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff opened various credit accounts with Chase.

11. The accounts Plaintiff opened from Defendant Chase were related primarily to personal, family, or household purposes and is therefore a "debt."

12. Defendant Chase has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant Chase arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector."

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

16. Plaintiff began making payments on the account before he became financially unable to keep up with the monthly payments.

17. Defendant Chase began contacting Plaintiff in early 2019 to inquire about the status of the accounts and to collect on the payments that were no longer being made.

18. Plaintiff sent a certified letter to Chase on or about February 22, 2019 informing Chase that he was revoking any prior consent that may have been given to be contacted on his cellular telephone.

19. Plaintiff believes his revocation letter was received by Chase on March 4, 2019.

20. Plaintiff sent this letter to an address specifically provided by Chase's counsel, and was done so with the understanding that the revocation letter would be processed by Chase and would result in no more calls being placed to Plaintiff's cellular telephone against his consent.

21. Plaintiff maintains that he was not required to send his revocation letter to the address of Chase's choosing, he acquiesced and did so with the understanding that Chase would promptly process the certified revocation letter and cease harassing him by auto-dialing his cellular telephone.

22. Plaintiff was frustrated that Chase continued to make unsolicited calls on his cellular telephone after contacting Chase to revoke his consent.

23. Plaintiff denies he ever gave his express consent to be contacted on his cellular telephone by automatic dialing machines and pre-recorded messages.

24. Defendant Chase continued to contact Plaintiff between approximately March 14, 2019 – at least April 22, 2019; the type of contact was through phone calls to Plaintiff on his cellular telephone.

25. Despite notice being sent Defendant continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

26. Chase ignored Plaintiff's letter of revocation and continued to harass and call him repeatedly for nearly two months following receipt of Plaintiff's letter.

27. Chase's calls were frequent in nature and continued despite receiving written, at an address specifically requested by Chase, confirmation that he was revoking any consent that may have been previously given to be called on his cellular telephone.

28. Chase contacted Plaintiff on at least seventy four (74) separate occasions after he revoked his consent to be contacted on his cellular telephone and sent his revocation letter to an address specifically provided by Chase with the understanding that he would no longer be contacted by Chase once the letter was received.

29. Despite Plaintiff's revocation letter being received by Chase on March 4, 2019, Chase continued to call Plaintiff's cellular telephone using an automatic dialing machine.

**FIRST CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Chase)

30. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

31. Since at least February of 2019 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

32. Plaintiff informed Defendant that he was revoking consent to be contacted by Chase in February of 2019.

33. Chase continued to call Plaintiff frequently since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

34. Defendant would contact Plaintiff frequently regarding payment on the accounts.

35. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

36. Defendant contacted Plaintiff on at least seventy four (74) separate occasions after Plaintiff informed Defendant he did not wish to be contacted on his cellular telephone and withdrew any prior consent that may have been given.

37. The calls placed by Chases were relentless and caused significant mental anguish and emotional pain to Plaintiff.

38. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

39. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

40. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

    **b.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    **c.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: April 24, 2019    By:    */s/ Elliot Gale*
Elliot Gale
Joe Angelo
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: April 24, 2019    */s/ Elliot Gale*
Elliot Gale
Joe Angelo
Attorneys for Plaintiff